IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-81855 |
| | ) | |
| MARY K. FERANDO, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## **MEMORANDUM**

Hearing was held in Omaha, Nebraska, on February 26, 2007, on a Motion to Dismiss for Abuse Pursuant to 11 U.S.C. § 707(b)(2) filed by the U.S. Trustee (Fil. #12), and a Resistance filed by Debtor (Fil. #15). Jerry L. Jensen appeared for the U.S. Trustee, and John T. Turco appeared for Debtor. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

The facts in this case are not in dispute. Debtor filed this proceeding on November 15, 2006. As part of her filing, Debtor completed and filed Official Form B22A, the Chapter 7 statement of current monthly income and means-test calculation. According to the form as prepared by Debtor, the presumption of abuse under 11 U.S.C. § 707(b)(2) arises because Debtor has the ability to repay creditors at least $10,000.00 under a 60-month plan. In fact, according to Debtor's Form B22A, Debtor has monthly disposable income of $855.23, which, multiplied by 60 months, equals the ability to return in excess of $51,000.00 to unsecured creditors over the life of the plan.

Debtor argues that her income was abnormally high during the six months prior to filing this case. For purposes of determining whether a presumption of abuse arises under § 707(b)(2), Debtor's "current monthly income" is reduced by monthly expense amounts specified under national standards and local standards issued by the Internal Revenue Service, and by certain actual expenses. Debtor's "current monthly income" is based on Debtor's monthly income from all sources that Debtor receives during the six-month period preceding commencement of the bankruptcy case. 11 U.S.C. § 101(10A). During tax year 2004, her average monthly income was $3,155.83 and, during 2005, her average monthly income was $3,088.75. She believes her current income is approximately $3,300.00 per month. The amount Debtor is required to use for purposes of Form B22A for current monthly income is $4,440.30. Specifically, Debtor asserts that she is paid on commission and that her income during the six months prior to bankruptcy filing was substantially in excess of what she would typically earn. Further, Debtor asserts that her current sales over the last six weeks are down more than 42% compared with the same time last year. Debtor's position is that Debtor's unusually high income during the six-month period used for calculating current monthly income is a special circumstance sufficient to rebut the presumption of abuse.

11 U.S.C. § 707(b)(2)(B)(I) provides as follows:

In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious

medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that [sic] justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

As indicated, the Bankruptcy Code specifically delineates two special circumstances: (1) serious medical condition; or (2) active duty in the Armed Forces. Certainly, those two items are not an exhaustive list, but are examples of what Congress intended to constitute special circumstances. Thus, rebutting the presumption of abuse requires circumstances that are truly special. As one court stated: "Although this presumption may be rebutted, § 707(b) goes on to set this bar extremely high, placing it effectively off limits for most debtors." *In re Haar*, ___ B.R. ___, Case No. 06 31270, 2007 WL 521221, at *1 (Bankr. N.D. Ohio Feb. 20, 2007). *See also In re Hanks*, ___ B.R. ___, Case No. 06-22777, 2007 WL 60812 (Bankr. D. Utah Jan. 9, 2007) (finding a job loss and lower income at new employment do not constitute special circumstances); *In re Sparks*, ___ B.R. ___, 2006 WL 3953348 (Bankr. E.D. Tex. Oct. 18, 2006) (comparing special circumstances to an "unanticipated development").

The only special circumstance raised by Debtor is that she earned what she considered to be unusually high commissions during the period used for calculating her current monthly income. This is not a situation where Debtor claims that there was a one-time large and unique commission earned during the six-month period used for calculating current monthly income. Nor has some circumstance arisen which will cause her income to remain lower during the term of a Chapter 13 plan. Debtor has not identified any special circumstance which would clearly cause her income to be dramatically different post-petition than what she experienced in the six months pre-petition. Instead, the only circumstance asserted is that Debtor increased her earnings leading up to bankruptcy filing and her income fluctuates over time as a result of her being paid on a commission basis. Fluctuations in income are simply a fact of life for those who are paid on a commission basis. It is not a special circumstance. Congress presumably took into account potential fluctuations in income when determining that current monthly income should be calculated on a monthly average based on a period of six months, which would help even out the fluctuations.

Accordingly, since a presumption of abuse exists under 11 U.S.C. § 707(b)(2) and Debtor has failed to present any special circumstances to rebut the presumption of abuse, the U.S. Trustee's motion to dismiss is granted. Debtor shall have until March 20, 2007, to convert this case to a proceeding under Chapter 13. If the case is not converted by that date, it will be dismissed upon the filing of an affidavit by the U.S. Trustee.

Separate order to be filed.

DATED: March 1, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    *Jerry L. Jensen/U.S. Trustee
    John T. Turco
    Thomas D. Stalnaker

Movant(*) is responsible for giving notice to other parties if required by rule or statute.